IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6046-CR-ZLOCH

UNITED STATES OF AMERICA, :

        Plaintiff, :

v. :

ORVILLE MCTAGGERT, :

        Defendant. :

_____ :

**NIGHT BOX FILED**

JUL 3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### MOTION FOR DOWNWARD DEPARTURE

Defendant, Orville McTaggert, through counsel, respectfully moves pursuant to U.S.S.G. Sections 5K2.0 and 2L1.2 for a downward departure from the otherwise applicable guideline range, and in support states as follows:

As noted in Paragraphs 61 and 62 of the Presentence Investigation Report (PSI), U.S.S.G. Section 2L1.2 provides for a downward departure in certain types of reentry cases where the aggravated felony increase is applied. More specifically, U.S.S.G. section 2L1.2(b)(1)(A) comment. (n.5) provides:

> Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

Id. The application note suggests that a downward departure is encouraged if all three criteria are met. See United States v. Alfaro-Zayas, 196 F.3d 1338 (11th Cir.1999).

As noted in the PSI, Mr. McTaggert meets the criteria set forth in application note five. The felony conviction which prompted his deportation was for possession of sixteen pounds of marijuana for sale. This is Mr. McTaggert's only conviction, it is a non-violent crime, and he was sentenced to probation.

According to the PSI, the offense involved 16 pounds of marijuana. Had Mr. McTaggert pled guilty to an offense involving 16 pounds of marijuana in federal court, he would have been eligible for a split sentence (10-16 month guideline range). The guidelines recognize that, while this conviction merits an increase as an aggravated felony, the Court may consider the seriousness of that lone conviction in deciding whether to grant a downward departure. Accordingly, Mr. McTaggert respectfully asks this Court to grant a downward departure in light of the nature of his sole prior conviction.

                                            Respectfully submitted,

                                            KATHLEEN M. WILLIAMS
                                            FEDERAL PUBLIC DEFENDER

By: _____
                              Patrick M. Hunt
                              Assistant
                              Federal Public Defender
                              Florida Bar No. 571962
                              Attorney for Defendant
                              101 N.E. 3rd Avenue, Suite 202
                              Fort Lauderdale, Florida 33301
                              (954) 356-7436 / (Fax) 356-7556

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 3rd day of July, 2000, to the AUSA Debra Stuart, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, Florida, 33301 and to USPO Dedra Pratt, 299 East Broward Boulevard, Room 409, Ft. Lauderdale, FL 33301.

*Patrick M. Hunt*