DJS:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6046-CR-ZLOCH

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| v. | : |
| ORVILLE McTAGGERT, a/k/a Dayne McTaggert a/k/a Michael Anderson, | : |
| DEFENDANTS. | : |

**NIGHT BOX
FILED**

JUL  5 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## NOTICE OF CLARIFICATION

NOW COMES the United States of America, by and through the undersigned Assistant United States Attorney, and gives notice of the following clarification regarding the Presentence Investigation Report:

The United States has not reported any objection to the facts outlined in the Presentence Investigation Report; however, the government would point out that "PART E, Factors That May Warrant a Departure" contains a reference to §2L1.2, Application Note 5, of the United States Sentencing Guidelines, implying that a downward departure may be warranted as the "aggravated felony" involved in defendant's prior conviction was not a "crime of violence" and was punished by a term of imprisonment not exceeding one year. It should be noted there does not appear to be any case authority for the calculation furnished by the United States Probation official paragraphs 61 and 62.

The Court may also wish to consider the possibility that the sentence imposed in California

for the prior drug offense ("aggravated felony") of the defendant may have been diminished to take into account the defendant's then-imminent deportation. The fact that the defendant not only unlawfully reentered the United States, but repeatedly lied and used a fabricated passport to do so, may also be factors countering the considerations which might otherwise point to a downward adjustment of sentence.

A crime involving the felony sale or delivery of a controlled substance is certainly not a minor offense, even if the result is less than a year of imprisonment. The District Court is in the best position to determine a fair sentence; the result is not dictated by §2L1.1, Application Note 5, of the Sentencing Guidelines. See <u>United States v. Chavez-Chavez</u>, 2000 WL666708 (7th Cir. ((Ill.))and <u>United States v. Alfaro-Zayas,</u> 196 F.3d 1338 (11th Cir. 1999).

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

DEBRA J. STUART
ASSISTANT U.S. ATTORNEY
COURT NO. A5500048
500 E. Broward Blvd.
Ft. Lauderdale, Fl 33394
(954) 356-7255
(954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Patrick Hunt, Esq., Asst. Federal Public Defender, 101 N.E. 3rd Avenue, Ft. Lauderdale, Fl 33301, this 5th day of July, 2000, by facsimile transmission.

*Debra J. Stuart*
DEBRA J. STUART
ASSISTANT U.S. ATTORNEY

3